**UNITED STATES BANKRPUTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

TRAVERS FINE JEWELS INC.,

Debtor.

Chapter 11

Case No. 19-10177

## DECLARATION OF SAM KASSIN
## PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY
## RULES FOR THE SOUTHERN DISTRICT OF NEW YORK

I, Sam Kassin, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I am the President and sole shareholder of Travers Fine Jewels Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), and am familiar with the Debtor's day-to-day operations, books and records, and business and financial affairs.

2.      I submit this declaration (this "**Declaration**") pursuant to rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") in support of the Debtor's petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), to assist this Court and other parties in interest in understanding the circumstances giving rise to the commencement of this chapter 11 case.

3.      Except as set forth below, all facts set forth in this Declaration are based upon my personal knowledge. If called upon to testify, I would testify competently to the facts set forth below.

### PROCEDURAL BACKGROUND

4.      On January 21, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor intends to operate its

business and manage its affairs in the ordinary course as a debtor in possession, pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

## THE DEBTOR'S BACKGROUND

5.      The Debtor, a corporation organized under the laws of the state of New

York in 1947, owns and operates a retail jewelry store located at 962 Madison Ave, New York,

New York (the "**Premises**").

6.      The Debtor differentiates itself from other jewelry stores based on its fine

reputation, reasonable prices and careful attention to customer needs.

7.      The Debtor's business has suffered as a result of a slow recovery from the

recession, and two (2) robberies in 2014 of most of its jewelry inventory. The Debtor has incurred

net operating losses since 2016.

8.      Most of the Debtor's assets consist of its inventory, valued at approximately

$1 million. However, about $900,000 of the inventory is held on consignment, whereby legal title

remains in the consignor subject to sale by the Debtor as consignee.

9.      On December 26, 2018, James Collins, a creditor of the Debtor holding a

judgment in the amount of approximately $400,000, recorded a transcript of the judgment, which

was entered by the United States District Court for the Southern District of New York, in the Office

of the County Clerk of Kings County, and a property execution was issued by the Supreme Court

of the State of New York, County of Kings, on January 8, 2019.

10.     On January 9, 2019, the Debtor was served with a Marshal's Notice of Levy

and Sale, directing the Marshal for the City of New York to sell the Debtor's property at a public

auction scheduled for January 22, 2019.

11.     Thus, the purpose of this chapter 11 case is to afford the Debtor the opportunity to preserve the going concern value of its business, protect and maintain its assets for the benefit of all creditors and enable it to propose and fund a plan of reorganization.

**INFORMATION REQUIRED BY LOCAL RULE 1007-2**

12.     Local Rule 1007-2 requires the Debtor to disclose certain information. This information is outlined below and set forth in the schedules attached hereto.

13.     Pursuant to Local Rule 1007-2(a)(4), a debtor is required to set forth the following information with respect to the holders of its twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of persons(s) familiar with the debtor's accounts, if any; the amount of the claim; and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured. Attached as *Exhibit A* hereto is a schedule setting forth this information.

14.     Pursuant to Local Rule 1007-2(a)(5), a debtor is required to set forth with respect to each of the holders of its five (5) largest secured claims, each secured creditor's name, address, the amount of its claim, a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed. Attached as *Exhibit B* hereto is a schedule setting forth this information.

15.     Pursuant to Local Rule 1007-2(a)(6), a debtor is required to set forth a summary of its assets and liabilities. Attached as *Exhibit C* hereto is a schedule setting forth this information.

16.     Pursuant to Local Rule 1007-2(a)(7), a debtor is required to disclose whether any of the debtor's securities are publicly held. Local Rule 1007-2(a)(7) is not applicable to this chapter 11 case.

17.     Pursuant to Local Rule 1007-2(a)(8), a debtor is required to set forth a list of all property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity, giving the name, address, and telephone number of such entity, and the location of the court in which any proceeding relating thereto is pending. Local Rule 1007-2(a)(8) is not applicable to this chapter 11 case.

18.     Pursuant to Local Rule 1007-2(a)(9), a debtor is required to set forth a list of the premises owned, leased, or held under other arrangement from which it operates its business. The Debtor leases the Premises from Judson Realty, LLC.

19.     Pursuant to Local Rule 1007-2(a)(10), a debtor is required to disclose the location of its substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the debtor outside the territorial limits of the United States. The Debtor's assets and books and records are located at the Premises.

20.     Pursuant to Local Rule 1007-2(a)(11), a debtor is required to set forth a list of the nature and present status of each action or proceeding, pending or threatened, against it or its property where a judgment against it or a seizure of its property may be imminent. As mentioned above, James Collins recorded a transcript of its judgment, entered by the United States District Court for the Southern District of New York, in the office of the County Clerk of Kings County, and a property execution was issued by the Supreme Court of the State of New York, County of Kings on January 8, 2019.

21.    Pursuant to Local Rule 1007-2(a)(12), a debtor is required to disclose the names of the individuals who comprise its respective existing senior management, their tenure, and a brief summary of their relevant responsibilities and experience.  As mentioned above, I am the Debtor's President and sole shareholder, and manage all aspects of the Debtor's business and financial affairs. There are no other employees who are members of senior management.

22.    Pursuant to Local Rule 1007-2(b)(1), a debtor is required to disclose the estimated amount of weekly payroll to employees (not including officers, directors, and stockholders) for the 30-day period following the filing of its chapter 11 petition. Local Rule 1007-2(b)(1) is not applicable to this chapter 11 case.

23.    Pursuant to Local Rule 1007-2(b)(2)(A), a debtor is required to disclose the amount proposed to be paid to officers, stockholders and directors for services for the 30-day period following the filling of its chapter 11 petition. I anticipate receiving compensation of approximately $10,000 for the 30-day period following the Petition Date.

24.    Pursuant to Local Rule 1007-2(b)(3), a debtor also is required to disclose for the 30-day period following the filing of its chapter 11 petition, a list of its estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees. The Debtor estimates cash receipts from sales will be between $25,000 to $50,000 in the next 30 days and that it will break even after accounting for all expenses other than professional fees.

Dated: New York, New York
        January 21, 2019

                                /s/   Sam Kassin
                                Sam Kassin

5